

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/26/2010

| | | |
|---|---|---|
| IN RE: | § | |
| JEFFREY SCOTT RAND | § | CASE NO: 09-34578 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| U.S. TRUSTEE | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-3128 |
| | § | |
| JEFFREY SCOTT RAND | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION REGARDING FINAL SUMMARY JUDGMENT
## (DOC #22)

Document # 22 is the United States Trustee's motion for summary judgment, seeking denial of Debtor's discharge on the ground that Debtor has refused to obey the lawful orders of this Court. The motion is granted. By separate final judgment issued this date, summary judgment is issued denying Debtor's discharge in bankruptcy.

*BACKGROUND*

In March, 2008, Jeffrey Scott Rand ("Debtor" or "Mr. Rand") was indicted by the grand jury, U.S. District Court, Western District of Arkansas, for securities and mail fraud (the "Criminal Case").[1] Then in July, 2009, involuntary bankruptcy petitions were filed against Mr. Rand and his company, Wave Energy, Inc.

In the Bankruptcy Court, Mr. Rand initially appeared *pro se*, but the Court frequently admonished him to engage counsel. Still acting *pro se*, Mr. Rand moved to convert his involuntary chapter 7 case to chapter 11. He consented to entry of an order for relief on the involuntary petition, and eventually Ronald Sommers ("Trustee") was appointed as the chapter 7 trustee.

Mr. Rand ignored almost all subsequent contested matters in the case. Administration of the chapter 7 case dragged on at a glacial pace. Mr. Rand refused to file bankruptcy schedules and other required documentation and refused to cooperate with the Trustee in the administration

---

[1] The "Criminal Case" is *United States v. Jeffrey Scott Rand*, Criminal No. 6:08-CR-60003-001, pending in the U.S. District Court, Western District of Arkansas, Hot Springs Division. In his motion for summary judgment, the US Trustee alleges that the trial is scheduled for January 4, 2011. Debtor's response to the motion for summary judgment agrees, but repeats Rand's many prior statements that a plea agreement is forthcoming. A copy of the indictment was filed in a related adversary proceeding (docket # 13-1, Adv. No. 10-3126).

of either his bankruptcy estate or the bankruptcy estate of his company. On December 11, 2009, the chapter 7 Trustee filed a motion to require Mr. Rand to file the documents required of a Debtor under the Bankruptcy Code; the Trustee requested expedited consideration of his motion. The Court set a hearing for December 18. At that hearing, counsel for the Trustee testified that Mr. Rand had been served by regular mail and by certified mail. Mr. Rand did not file an objection or other opposition to the motion and did not appear at the hearing.

On December 18 the Court entered an Order compelling Mr. Rand to file his schedules, statement of financial affairs, bank records, tax returns, and other documents required by Bankruptcy Code § 521. The Court further set a hearing for January 4 to assess compliance and the Court required Mr. Rand to attend that continued hearing. Debtor failed to provide the information required[2] but did attend the January 4 hearing. At that second hearing, the Court orally admonished Mr. Rand that future failures to exercise reasonable diligence to comply with Court orders would be treated as contempt of court, and entered an order compelling Mr. Rand to "make all reasonable effort" to provide Sommers with all the information required by § 521 and to comply with the Court's order of December 18.[3] Mr. Rand consented, orally and on the record, to comply with the statute and the orders of this Court.

At the creditor's meeting on January 13 Mr. Rand was represented by counsel[4] who stated that Debtor was working on the schedules and other information, intended to file them, and estimated that they could be ready in two weeks. Mr. Rand answered a few questions about how long he had been married and whether he and his wife had filed joint tax returns. Mr. Rand agreed to provide copies of his tax returns and bank records.[5] Those documents were not timely provided.[6] After answering a few questions about his wife's property, and after consulting with his attorney, Mr. Rand and his attorney simply left the meeting.

Later, on January 13, 2010,[7] through counsel Mr. Rand filed a Notice of Intent to Comply with Requirements to Provide Information and to Attend the Rescheduled Meeting of Creditors. The notice suggests that the delay resulted from Mr. Rand not having obtained counsel until January 13. The allegation is simply not correct as it relates to Mr. Rand's assertion of Constitutional rights against self-incrimination. It is undisputed that Mr. Rand engaged Mr. DeGuerin as criminal defense counsel prior to his indictment in 2008.

On January 19, 2010, the chapter 7 Trustee filed a motion alleging that Rand had still not complied with the Court's orders and asked the Court to hold Rand in contempt and to assess sanctions for failure to comply with the December 18 and January 4 orders. At a hearing on February 4, 2010, Mr. Rand, through counsel, agreed to entry of an order which found Rand in contempt and assessed sanctions of approximately $19,000. Of particular significance, the order explicitly finds that Mr. Rand failed to comply with the Court's orders and was in contempt of court.

---

[2] *See* Docket #77 in the main case, the Sommers Certificate of Non-Compliance.
[3] Docket #85 in the main case.
[4] Transcript attached to US Trustee's motion for summary judgment as Attachment 2.
[5] Transcript of January 13 creditors' meeting, page 7 lines 6 through 25.
[6] Affidavit of the Chapter 7 Trustee, attachment 3 to the US Trustee's motion for summary judgment.
[7] Document # 89.

Finally, on January 25, nearly five months after entry of the order for relief (and nearly nine months after the filing of the involuntary petition), Rand filed his schedules and statement of financial affairs. Mr. Rand refused to answer virtually every question in the schedules and statement of financial affairs on the basis that doing so would violate his Constitutional rights against self incrimination.

On March 12, 2010, the U.S. Trustee filed a complaint objecting to Rand's discharge which initiated this adversary proceeding. Defendant answered (docket #11) asserting his rights under the 4th, 5th, and 6th Amendments to the United States Constitution and Article 1, Sections 9 and 10 of the Texas Constitution in response to every allegation in the complaint.

On April 29, 2010, Mr. Rand moved to abate the adversary proceeding pending the resolution of the Criminal Case, arguing that he could not testify or defend himself in this adversary proceeding without serious risk of self incrimination. The Court conducted a hearing on June 11, 2010. Mr. Rand's counsel argued that a plea agreement in the Criminal Case was imminent, would occur within 90 days, and would moot this adversary proceeding because Mr. Rand would waive his discharge as a condition of the plea agreement.

The Court had doubts about the plea agreement being imminent because that had been asserted before. The Court applied the six factor test set forth by Judge Hacker in *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391(S.D. Tex. 2009) and found little to no over-lap in the Criminal Case and the Adversary Proceeding, and therefore denied abatement of the discharge proceeding.[8]

As established in the chapter 7 Trustee's affidavit attached as Exhibit 3 to the US Trustee's motion for summary judgment, Debtor has not asserted his Constitutional rights in a thoughtful and specific way but has taken a global approach to assertion of the privilege and has even refused to provide information that he had initially agreed to provide.

*SUMMARY OF THE ARGUMENTS*

Docket # 22 is the U.S. Trustee's motion for summary judgment. In essence, the U.S. Trustee argues that Rand has refused to obey the lawful orders of this Court, and therefore pursuant to 11 U.S.C § 727(a)(6)(A), Rand's discharge should be denied. Rand responds (docket #23) by stating that he has properly invoked his Fifth Amendment privilege, and therefore has a justifiable excuse for his actions. The U.S. Trustee replies (docket #24) that Rand has failed to bring forward significant evidence to establish a genuine issue of material fact to defeat his summary judgment motion, and has further failed to establish the threat of incrimination that justifies his "blanket invocation of the Fifth Amendment privilege" (docket #24, page 2).

---

[8] The conclusions and reasons for denying abatement were set forth orally and on the record at the hearing on June 11, 2010, and under authority of Fed. R. Bankr. P. 7052.

*STANDARD FOR SUMMARY JUDGMENT*

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.,* 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings. "The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber,* 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.,* 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon,* 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency,* 537 F.3d 504, 507 (5th Cir. 2008). The nonmoving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *$92,203.00 in United States Currency,* 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 301 (5th Cir.2004); *Raga v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex,* 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 163-64 (5th Cir. 2006); *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.,* 431 F.3d 191, 197 (5th Cir. 2005) (emphasis added).

*ANALYSIS*

The essence of Debtor's argument is that he will not provide any material information in this bankruptcy case because doing so would violate his Constitutional rights against self-incrimination. But Debtor does not get a universal exemption. As the US Trustee points out, Debtor cannot globally assert the privilege. *See* Docket # 22, page 9, citing *S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d. 660,668-669 (5th Cir. 1981).

More to the point, Debtor agreed to a Court finding that he had failed to comply with Court orders and was in contempt. Bankruptcy Code § 727(a)(6)(a) authorizes the Court to deny Debtor's discharge for failure to obey a lawful order. That finding is a final order, conclusively establishing Debtor's contemptuous conduct in failure to comply with a Court order.

## *CONCLUSIONS*

By separate final judgment issued this date, the US Trustee's motion for summary judgment is granted and Debtor's discharge is denied.

SIGNED 08/26/2010.

*[signature: Wesley W. Steen]*

Wesley W. Steen
United States Bankruptcy Judge